NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TROY D. TRUVILLION, *Appellant.*

No. 1 CA-CR 25-0391

FILED 07-23-2026

Appeal from the Superior Court in Maricopa County
No. CR2012-005722-001
The Honorable Joshua R. Boyle, Judge

**DISMISSED IN PART; AFFIRMED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

LisaLaw, LLC, Mesa
By Lise R. Witt
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew J. Becke and Judge Samuel A. Thumma joined.

---

**M O R S E**, Judge:

**¶1**        Troy D. Truvillion appeals the superior court's order revoking his probation and sentencing him to ten years in prison.  Because we only have jurisdiction over one of Truvillion's claims, and he has not shown error, we dismiss his putative appeal in part and affirm in part.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        This appeal arises out of two related cases, CR2012-005722-001 ("Case One") and CR2012-005721-002 ("Case Two").  Proceedings in both cases ran concurrently at the superior court, and although some of the details of Case Two are relevant, Case One is the only case on appeal before us.[1]

**¶3**        In 2012, Truvillion was charged with 32 felony counts relating to white-collar crimes.  In 2014, Truvillion pled guilty to two felony counts (Theft and Fraudulent Schemes & Artifices) in each of the cases and agreed to pay restitution in both.  The superior court suspended the sentences and placed him on concurrent seven-year probation grants with white-collar terms on all four counts, starting in December 2014.  The plea agreement provided that if Truvillion violated the conditions of his probation, he consented to being sentenced to any prison term, up to the ten-year maximum.

**¶4**        In September 2021, about three months before Truvillion's probation was scheduled to expire, the State moved to extend probation by five years because of significant unpaid restitution in both cases.  By that time, the State had already filed a motion alleging Truvillion had failed to provide all required financial records.  Then, in October 2021, the State moved to revoke probation after uncovering evidence of multiple

---

[1]        We view the facts in the light most favorable to upholding the superior court's decision.  *State v. Brown*, 250 Ariz. 121, 123, ¶ 2 (App. 2020).

violations of the white-collar terms of probation, including purchasing a home without approval. In November 2021, the superior court extended probation for 60 days to allow briefing on whether the extended probation term should continue to be supervised.

¶5 In February 2022, Truvillion admitted to violating probation and requested reinstatement to supervised probation. He also admitted that the reason for the probation extension was the outstanding restitution. At a June 2022 disposition hearing, the superior court reinstated supervised probation and extended it by five years for both counts in Case One. The superior court also revoked probation and remanded Truvillion to prison for four years (with 365 days presentence credit) on one of the counts in Case Two and imposed a consecutive probation grant by extending the probation term for the other count by five years to begin upon his release from prison.

¶6 Truvillion filed a petition for post-conviction relief ("PCR") in both cases, raising various claims and alleging the superior court imposed an illegal sentence in Case Two when it ordered consecutive probation terms on the two counts. The State conceded the sentence in Case Two was illegal and requested a new disposition hearing. In November 2023, the superior court held a new disposition hearing, revoked probation for Case Two, and sentenced Truvillion to time served for both counts. The superior court reinstated the five-year concurrent extended probation grants on both counts in Case One. In August 2024, Truvillion's probation officer filed a memorandum with the superior court stating that because restitution was ordered in only one of the Case One counts, the probation extension as to the other count should be eliminated. Truvillion did not file a motion or petition regarding the probation extension, and the superior court took no action on the memorandum.

¶7 In May 2025, Truvillion's probation officer filed a petition to revoke probation, alleging numerous probation violations in Case One. At the hearing, the superior court heard testimony and admitted exhibits. Truvillion argued that the State had failed to prove by preponderance of the evidence that he had violated probation, but never raised any arguments related to the 2024 memorandum or that his probation on one of the Case One counts had expired. The superior court found that the State had proven by a preponderance of the evidence that Truvillion violated the terms of his probation, revoked probation, and imposed concurrent ten-year prison terms on the two counts in Case One. Truvillion timely appealed, and we generally have jurisdiction over the appeal under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶8 Truvillion raises five issues on appeal. First, he argues that the superior court illegally imposed a five-year probation extension via oral order at the 2022 and 2023 hearings. Second, he alleges that the August 2024 probation department memorandum that identified the incorrect extension of probation on one count shows that his probation had expired as to all counts, and the superior court should have discharged him from probation altogether in 2024. Third, he claims the probation department's related 2024 failure to notify him that the term of his probation had supposedly expired deprived him of notice and fundamental fairness. Fourth, assuming his probation in fact expired in 2024, Truvillion argues that the superior court did not have subject-matter jurisdiction to revoke his probation at the 2025 revocation hearing. Fifth, Truvillion claims the superior court abused its discretion by failing to consider his mitigation evidence at the 2025 revocation hearing.

¶9 The State's answering brief argues that we do not have appellate jurisdiction over Truvillion's first three claims because they are untimely, and that his fourth claim, which relies on him prevailing on the first three, is time-barred. Truvillion's reply brief tacitly concedes that we lack appellate jurisdiction over those claims and acknowledges that the proper avenue for relief on the first three claims is a PCR petition under Arizona Rule of Criminal Procedure ("Rule") 33. Then he asks us to convert his appeal of those three claims to a special action to circumvent our lack of appellate jurisdiction. "[W]e have an independent duty to examine and confirm our appellate jurisdiction," which is "provided and limited by law." *State v. Serrano*, 234 Ariz. 491, 493, ¶ 4 (App. 2014). We review that question de novo. *See id.*

## I. Appellate Jurisdiction.

¶10 Truvillion's first three claims arise from his 2022 probation-revocation hearing at which the superior court ordered his probation extended for five years due to significant outstanding restitution. At any time before probation expires, the superior court may extend it for up to five years if a defendant has not fully paid required restitution. A.R.S. § 13-902(C). Truvillion does not dispute that he had not satisfied his restitution obligations at that time.

¶11 "In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation." A.R.S. § 13-4033(B). A probationer's

admission of a violation waives his right to a direct appeal, leaving a Rule 33 PCR petition as the only option. Rule 27.9; Rule 33.1; *State v. Jimenez*, 188 Ariz. 342, 343–44 (App. 1996).

**¶12** In November 2023, at the second disposition hearing, the superior court resentenced Truvillion to time served in Case Two and reimposed the five-year probation extension in Case One. Truvillion did not file a timely PCR petition or an appeal from that sentence. Instead, two years later, he appealed his most recent 2025 probation revocation, attempting to raise issues arising from the 2023 disposition. Accordingly, we do not have appellate jurisdiction over Truvillion's first three claims.

**¶13** Truvillion's fourth claim—that the superior court did not have subject-matter jurisdiction over the 2025 probation-revocation hearing that Truvillion appeals from—presumes he is correct that his probation expired in 2024. This argument is also untimely, and we lack appellate jurisdiction to consider it.

**¶14** We decline to exercise special-action jurisdiction over the claims raised improperly in a direct appeal. "Special actions may not be used as a substitute for an appeal." *Jordan v. Rea*, 221 Ariz. 581, 586, ¶ 8 (App. 2009) (citing *Neely v. Rodriguez*, 165 Ariz. 74, 76 (1990) (recognizing the "strong Arizona policy against using extraordinary writs as substitutes for appeals")).

**¶15** This leaves us with the fifth claim that stems directly from the 2025 probation revocation. Truvillion timely and properly appealed from that revocation, and we have appellate jurisdiction over that claim under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## II. Mitigating Evidence.

**¶16** Truvillion claims that the superior court abused its discretion by failing to consider mitigating factors when it revoked his probation and sentenced him to ten years in prison. To support this claim, Truvillion cites the superior court's failure to discuss mitigating factors or make an explicit finding of mitigation, discussing instead Truvillion's conduct that violated the terms of probation.

**¶17** We will not disturb the superior court's sentencing discretion absent an abuse of that discretion. *State v. Cazares*, 205 Ariz. 425, 427, ¶ 6 (App. 2003). The superior court abuses its discretion only if it acts arbitrarily or capriciously or fails to adequately investigate facts relevant to sentencing. *Id.* The superior court is required to give all evidence presented

due consideration, *id.* at ¶ 8, and we presume that it did, *id.* at ¶ 7. The superior court is not required to find mitigating circumstances just because mitigating evidence was presented—how much weight to give such evidence is within the court's sound discretion. *Id.* at ¶ 8.

**¶18** A court revoking probation must impose a sentence based on the original offense, not punish a defendant solely for violating probation. *State v. Rowe*, 116 Ariz. 283, 284 (1977). Yet, the defendant's behavior after the original offense is germane to the imposition of that sentence, so the court has discretion to consider the defendant's failure to reform, moral character, past conduct, general background, and the nature and circumstances of the crimes charged. *Id.*

**¶19** Truvillion has shown no error. He presented testimony and affidavits concerning various mitigating factors, and the superior court explicitly acknowledged it will "give [each factor] the weight it deserves." The superior court stated that it would not read one affidavit, but that was because it gave more weight to the live testimony of the affiant. Truvillion's attempts to avoid the financial restrictions imposed by the terms of his probation were germane post-offense behavior, and the superior court's discussion of them did not suggest it punished him solely for violating probation. *See id.*

**¶20** Truvillion's reliance on *State v. Baum*, 182 Ariz. 138 (App. 1995), is misplaced. In that case, we concluded the superior court punished the defendant for violating probation by sentencing him to the maximum aggravated prison term when, at the original sentencing hearing, it explicitly found that substantial mitigating factors counseled in favor of a mitigated sentence. *Id.* at 140. Here, the superior court made no such findings at the original sentencing hearing and did not adopt inconsistent reasoning at the disposition hearing.

**¶21** The superior court considered all the circumstances and did not find the evidence mitigating. *See Cazares*, 205 Ariz. at 427, ¶ 8. Truvillion has not shown any abuse of discretion.

## CONCLUSION

¶22      We dismiss Truvillion's appeal in part and affirm in part as indicated above.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR